JOHN S. MELCHER, Appellant, *v.* NATHAN SOBEL, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1923.

**Landlord and tenant — twenty-one-year lease — rent based upon a net per cent of agreed value — covenant by lessee to comply with all ordinances, regulations and orders of municipality — lessee liable for the cost of removal of encroachments on the street.**

A lease of premises in the city of New York for a term of twenty-one years provided for the removal of the old buildings and the erection by the lessor of a new six-story building before the beginning of the term, and a stipulation therein for a net six per cent return to the lessor upon an agreed value as rent, was assured

by the specific assumption by the lessee of the payment of " all taxes and municipal or other governmental charges whatsoever * * * and every public charge of every kind to which such real estate may be at any time subjected during said term," and further that the lessee should comply with all ordinances, regulations, orders and requirements of any municipal bureau, board, department and officer, affecting the premises or any part thereof. *Held*, that the lessor's grantee in an action against the lessee to recover the cost of his compliance with an order of the president of the borough of Manhattan for the removal of certain encroachments on the street, including the alteration of the vault and the curb of the sidewalk adjoining the leased premises, was entitled to recover such cost which was less than one-third of one per cent of the total rent reserved.

The trial court with nothing before it concerning the order of the borough president except the general description thereof in the complaint, upon granting defendant's motion for judgment on the pleadings, held that the things ordered by the borough president to be done were clearly extraordinary and unforeseen building operations for the cost of which defendant was not liable under the covenant in the lease. The record on appeal from the judgment entered in favor of defendant did not show that the work done in pursuance of the order of the borough president was extraordinary in character and required by reason of a change in the municipal policy since the execution of the lease and not contemplated by them at the time of its execution. *Held*, that the judgment dismissing the complaint and the order granting defendant's motion therefor will be reversed, with costs, and the said motion denied.

APPEAL by plaintiff from the judgment entered in favor of the defendant on December 4, 1922, dismissing the complaint, and from the order entered December 2, 1922, granting defendant's motion for judgment on the pleadings made under rule 112 of the Rules of Civil Practice.

*Stewart & Shearer (M'Cready Sykes,* of counsel), for appellant.

*I. Gainsburg,* for respondent.

BURR, J.    This action is brought by a lessor's grantee to recover $1,500 of the lessee, the cost of compliance with an order issued by the president of the borough of Manhattan for the removal of certain encroachments and the alteration of the vault, sidewalk and curb of the leased premises. The lease specifically provided for compliance by the lessee with all municipal ordinances and regulations and all orders and requirements of any municipal bureau, board, department and officer affecting the premises or any part thereof. The letting was for a term of twenty-one years and provided for the removal of the old buildings on the land and the erection of a new six-story building, this to be done by the lessor before the term began. It was expressly declared in the lease that the new building was to cost $100,000 and that " the rental to be paid by the party of the second part is intended to secure to the party of the first part a net income of six per cent. upon the value of her said premises as herein fixed and determined."

This valuation was arrived at by an agreed " value of the land "

during the first ten years of the term of $220,000 and during the remainder of the term of $300,000. The rent is then fixed and agreed upon on a strict percentage or net income basis, the lease proceeding: " and the cost of said new building is assumed to be $100,000, and, therefore, it is hereby further agreed that the annual rental of said premises and building shall be, and the party of the second part hereby agrees to pay to the party of the first part as rental therefor for the first ten years of said term, to wit, from January 1, 1907, or if the completion of said building be delayed beyond January 1, 1907, then from the time of the completion thereof, the annual rent of $19,200 * * * and for the last eleven years of said term * * * the annual rental of $42,000."

That these amounts should provide the stipulated net six per cent return was assured by the specific assumption by the lessee of the payment of " all taxes and municipal or other governmental charges whatsoever, ordinary and extraordinary, including water rates and every public charge of every kind to which such real estate may be at any time subjected during said term " and of " all premiums for fire, plate glass and other insurance." The lease further provided as above that the lessee should comply with all ordinances, regulations, orders and requirements of any municipal bureau, board, department and officer.

The agreement thus carefully and explicitly formulated was, therefore, altogether on the basis of a net six per cent return. All expenses, whether of a kind ordinarily borne by the lessee or not, were in this case at the charge of the tenant. The term was a long one and there was during the term a complete substitution of the lessee for the owner. The lessee stepped in and the owner stepped out; thereafter the owner had nothing to do with the property except to receive her six per cent net return. It was evidently regarded as a plan advantageous to both sides, the owner being freed from uncertainty as to fluctuations in tax charges or insurance rates or possible requirements of the municipal or other authorities, and the lessee being assured of twenty-one years' use of the premises at a cost representing no more than a reasonable return on the value of the property.

The cost of the new building had, as above noted, been assumed to be $100,000, but it was provided that if it should in fact cost more than $100,000 the rent should be " increased by a sum equal to six per cent upon such excess of cost over $100,000," while if the cost should prove to be less than $100,000, the rent should be " decreased by a sum equal to six per cent on the amount of such decrease in cost below $100,000." All repairs and renewals were to be made by the lessee.

The lease further provided that if the building should be destroyed by fire or so damaged as to be unfit for occupancy, so much of the rent as represented six per cent on the value of the premises should abate during non-occupancy but that the portion of the rent representing six per cent on the value of the land, and the taxes and other charges, " shall be paid as heretofore."

The order made by the borough president, the expense of compliance with which the plaintiff sues to recover in this action, is not in the record.

It is described in the complaint in general terms under an allegation that in July, 1921, the president of the borough of Manhattan " issued a certain order addressed to the plaintiff, requiring the removal of certain encroachments for the widening of the street (in front of said premises) including the alteration of the vault and the curb of the sidewalk adjoining said premises, pursuant to a City Ordinance of the City of New York."

The expense of compliance with this order was $1,500, less than one-third of one per cent of the total rent reserved.

Without having before it anything but this general description of the order, the court below, on a summary motion for judgment on the pleadings, held that the things ordered by the borough president were clearly " extraordinary and unforeseen building alterations " and within the authority of *Herald Square Realty Co.* v. *Saks & Co.*, 215 N. Y. 427, for which the defendant is not liable under the covenant in the lease, and awarded summary judgment in favor of the defendant.

There is nothing in this record to show that the work affecting the premises in question done in pursuance of the order of the borough president was extraordinary in character and required by reason of a change in the municipal policy since the execution of the lease between the parties and not contemplated by them at the time the lease was executed. This was the ground on which the decision in *Herald Square Realty Co.* v. *Saks & Co., supra,* on which the trial justice relied in granting the motion of the defendant for judgment on the pleadings, was based. And in the absence of such evidence compliance with the order of the borough president was apparently within the contract requirement. *Brokaw* v. *Sherry,* 161 App. Div. 796; affd., 213 N. Y. 685; *Deutsch* v. *Hoe Estate Co., Inc.,* 174 App. Div. 685.

Judgment and order should be reversed, with costs, and defendant's motion for judgment on the pleadings denied.

LEHMAN and LYDON, JJ., concur.

Judgment reversed.